IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

ANDREW RIGGLE,                    )
                                  )
            Plaintiff,            )        8:15CV413
                                  )
        v.                        )
                                  )
VALERO, AMERICAN ENTERPRISE       )     MEMORANDUM OPINION
PROPERTY, and DOES 1-5,           )
                                  )
            Defendants.           )
_____)


        This matter is before the Court on the defendant,

Valero, American Enterprise Property's ("defendant" or "AEP"),

motion to dismiss the amended complaint (Filing No. 22).  The

matter has been fully briefed by the parties.  *See* Filing Nos.

23, 24, and 26.  After review of the motion, the parties' briefs,

and the applicable law, the Court finds as follows.

**BACKGROUND**

        Plaintiff, Andrew Riggle ("plaintiff" or "Riggle")

commenced the present action on November 8, 2015 (Filing No. 1).

Plaintiff seeks "injunctive relief, attorney fees and costs

pursuant to 42 U.S.C. §§ 12181 *et seq.* . . ."  (Filing No. 21 at

1).  Plaintiff alleges he "experienced serious difficulty

accessing the goods and using the services [on defendant's

property] due to the architectural barriers . . . therein."  (*Id.*

at 2).  Riggle claims to be a "qualified individual" under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, due to his "bad back, heart problems, and arthritis." (*Id.* at 1).

On January 29, 2015, AEP filed a motion to dismiss (Filing No. 12). The Court denied AEP's motion without prejudice and granted plaintiff the opportunity to amend his complaint (Filing No. 20). Plaintiff filed his amended complaint on April 18, 2016 (Filing No. 21). Thereafter, on April 29, 2016, AEP filed the present motion to dismiss (Filing No. 22). AEP contends the Court lacks subject matter jurisdiction because "[p]laintiff has failed to establish standing . . . ." (Filing No. 23 at 4). AEP also argues plaintiff's complaint should be dismissed for failure "to state a claim for which relief can be granted under the ADA." (*Id.* at 9).

**LAW**

**Federal Rule of Civil Procedure 12(b)(1)**

Suits are subject to dismissal when the Court lacks subject matter jurisdiction to hear the matter. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

A federal district court must first address "the threshold question whether [plaintiff has] alleged a case or

controversy within the meaning of Art. III of the Constitution or only abstract questions not currently justiciable by a federal court." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979). "[T]he complaint must contain more than bald assertions of injury to survive a motion to dismiss . . . ." *Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir. 1994). "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

**DISCUSSION**

The ADA prohibits "discrimination in places of public accommodation against persons with disabilities." *Id.* at 892 (citing 42 U.S.C. § 12182(a)). One form of discrimination provided within the statute includes "'a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.'" *Id.* (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The statute "grants a private right of action for injunctive relief to, inter alia, 'any person who is

being subjected to discrimination on the basis of disability.'"
*Id.* (quoting 42 U.S.C. § 12188(a)(1)).

Plaintiff argues he has satisfied the three essential
elements of standing. First he claims to have sufficiently
"alleged an actual injury." (Filing No. 24 at 2). Second,
plaintiff claims his injuries resulted from defendant's
violations of the ADA. (*Id.* at 2-3). Finally, plaintiff argues
the injunctive relief he seeks and his intention "to return to
use defendants' property" is enough to satisfy the redressibility
element. (*Id.* at 3). Plaintiff suggests he "had difficulty
using the restroom," the "toilet stall" and had a difficult time
"turning the bathroom handle to enter and leave the bathroom."
(Filing No. 21 at 2). However, plaintiff's complaint fails to
allege more than bare assertions. The Court is left to guess as
to how any of the alleged ADA violations apply to plaintiff's
stated disabilities or how defendant's correction of the supposed
violations would remedy the discrimination to which plaintiff
claims he is subjected.

AEP counters that the twenty-four ADA violations
alleged by plaintiff "do not apply to his disability" and
therefore plaintiff is unable to establish the injury-in-fact and
the causal relationship elements of standing (Filing No. 26 at 1;
*see also* Filing No. 23 at 7-9). The Court agrees. The United

-4-

States Court of Appeals for the Eighth Circuit has explicitly held that in order "[t]o meet the injury-in-fact requirement, 'the party seeking review must be himself among the injured.'" *Steger*, 228 F.3d at 893 (quoting *Lujan*, 504 U.S. at 560). The Court concludes that the plaintiff has failed to effectively show how the ADA violations alleged by plaintiff apply to his stated disabilities. Plaintiff's alleged disabilities include "a bad back, heart problems, and arthritis." (Filing No. 21 at 1). Plaintiff has provided the Court with no factual allegations, other than conclusory statements, to support his claim that the alleged ADA violations injured him or are somehow causally related to his stated disabilities. Plaintiff is not "among the injured." In addition, plaintiff's complaint fails to provide a concrete intent to return to AEP's property, demonstrating another example of plaintiff's deficiency to satisfy the injury-in-fact requirement. *See Steger*, 228 F.3d at 892-93.

Plaintiff has failed to establish that he has standing. Therefore, the Court is without jurisdiction. Accordingly, defendant's motion to dismiss will be granted and plaintiff's complaint will be dismissed with prejudice. A separate order

will be entered herein in accordance with this memorandum opinion.

DATED this 3rd day of June, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court